UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AMILCAR EPIFAMIO DIAZ-BARRIOS,

                Petitioner,                    Case No. 1:17-cv-861

v.                                    Honorable Paul L. Maloney

CARMEN PALMER,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the claims are procedurally defaulted and/or without merit.

## **Discussion**

I.    Factual allegations

Petitioner Amilcar Epifamio Diaz-Barrios presently is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory Correctional Facility. Petitioner is serving prison terms of 25 to 50 years and 10 to 15 years, imposed on August 7, 2014, after Petitioner pleaded guilty to one count of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520a(2)(h), and one count of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c(2)(b).

Petitioner was appointed counsel on appeal.  Counsel, however, neglected to file an application for leave to appeal within the one-year period provided by the Michigan Court Rules. MICH. CT. R. 7.05(G)(2).  Instead, through counsel, Petitioner filed a motion for relief from judgment, seeking an evidentiary hearing on the ineffective assistance of trial counsel and seeking to withdraw his plea.  Specifically, Petitioner argued that his trial attorney failed to consult with him sufficiently, failed to investigate and prepare for trial, and failed to inform him of his right to a preliminary examination.  Petitioner averred that he was innocent of the offenses, but he pleaded guilty under pressure from his attorney.  The trial court concluded that Petitioner was not entitled to relief on his motion, because he had not demonstrated entitlement to relief under MICH. CT. RULES 6.508(D), since the issue could have been but was not presented on direct appeal.

Petitioner, through counsel, sought leave to appeal to the Michigan Court of Appeals, raising the sole issue presented to the trial court.  In the appeal, counsel admitted that she had failed to timely file either a motion to withdraw the plea or an application for leave to appeal. In an order issued on January 26, 2016, the court of appeals concluded that appellate counsel had rendered ineffective assistance, by not filing a timely application for leave to appeal from the

judgment, thereby depriving Petitioner of his direct appeal. (Mich. Ct. App. Op., ECF No. 1-1, PageID.31.) As a consequence, the court reviewed the issue under the standard for direct appeals, rather than under the standard for appeals from orders denying relief from judgment. Upon review, however, the court of appeals denied Petitioner's claim on appeal because it lacked merit. (*Id.*)

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. Counsel also filed a motion to add an additional issue on appeal: ineffective assistance of appellate counsel for failing to file a timely application for leave to appeal from the judgment or a motion to withdraw the plea. (Mot. to Add Additional Issues on Appeal, ECF No. 1-1, PageID.35-37.) In an order issued on March 21, 2017, the Michigan Supreme Court granted the order to add an issue, but denied leave to appeal.

Petitioner filed the instant habeas action on or about September 22, 2017.[1] He raises the following four issues:

I.    The trial court erred by denying [Petitioner's] MCR 6.500 Motion to Withdraw His Plea.

II.    Ineffective Assistance of Counsel

III.    Denial of Evidentiary Hearing.

IV.    Ineffective Assistance of Appellate Counsel

II.    <u>AEDPA standard</u>

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'"

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on September 22, 2017, and it was received by this Court on September 27, 2017. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially

4

indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

III.     Grounds I, II & III:  Ineffective Assistance of Trial Counsel

Petitioner's first two grounds for relief raise concerns about the ineffective assistance of trial counsel. In Ground I, Petitioner argues for the first time that his trial attorney provided ineffective assistance when he erroneously advised Petitioner that, if he accepted the plea, he would be eligible for parole to deportation after serving 12 ½ years of his sentence. Petitioner contends that, under Mich. Comp. Laws § 791.234b(2)(c)(ii), he was not eligible for parole to deportation, because he was facing conviction on a CSC-I charge, which required him to serve the entire sentence. In Ground II, Petitioner contends that counsel rendered ineffective

assistance for the reasons presented to the Michigan courts. In Ground III, Petitioner contends that the trial court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances,

the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

## A. Inaccurate Advice Concerning Deportation

Petitioner contends that his trial attorney rendered ineffective assistance of counsel when he misadvised Petitioner that he would be eligible for deportation after serving 12 ½ years of his sentences.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*,

822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). He claims that he raised the issue on ineffective assistance of trial counsel in his motion for relief from judgment and in the Michigan appellate courts. However, in his motion for relief from judgment and on appeal, Petitioner contended only that his attorney was not prepared for trial, had failed to seek discovery, failed to communicate sufficiently, and failed to inform Petitioner of his right to a preliminary examination. His affidavit concerning the ineffective assistance of counsel contained no reference to his attorney's alleged misrepresentations regarding deportation. (*See* Aff. in Support of Mot. for Relief from J., ECF No. 1-1, PageID.26.) Petitioner therefore did not exhaust his claim about his attorney's misrepresentation.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq. See* Mich. Ct. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. He therefore has no available remedy. "If the

claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman*, 501 U.S. at 752-53), *rev'd on other grounds*, 535 U.S. 635 (2002). As a result, the Court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court or whether a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160.

To show cause sufficient to excuse his procedural default, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the claimed misrepresentation in his motion for relief from judgment. *Murray*, 477 U.S. at 488; *see also McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not argued either cause or prejudice that would excuse his failure to exhaust. A claim of ineffective assistance of appellate counsel may serve as cause to excuse the default, but that claim itself must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Petitioner did not present ineffective assistance of appellate counsel to the trial court. In the court of appeals, he did not argue that appellate counsel was ineffective in failing to raise a claim about trial counsel's inaccurate advice concerning deportation. As a consequence, Petitioner has not and cannot demonstrate cause excusing his default. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Moreover, Petitioner fails to demonstrate that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Although Petitioner claims that he is innocent, he provides no new evidence of his innocence, much less evidence meeting the *Schlup* standard.

Finally, even if the Court were to consider the merits of the claim, Petitioner would not be entitled to relief. At the plea hearing, the trial court recited the details of the plea agreement. Petitioner expressly denied that promises other than those disclosed on the record had been made to him. (Plea Tr., ECF No. 1-1, PageID.44.) Under settled Sixth Circuit authority, Petitioner's responses to the trial judge, given under oath at the plea hearing, preclude his present assertion that the trial counsel made him any promises concerning his eligibility for deportation after 12 ½ years. In *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), the Sixth Circuit held that where the trial court has scrupulously followed the required procedure, "the defendant is bound by his statements in response to that court's inquiry." 781 F.2d at 90 (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). The Sixth Circuit, noting the obvious, observed that a trial judge cannot possibly administer a plea agreement, if it consists of "secret terms known only to the parties." *Id.* The court again addressed this issue in *Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992), and *United States v. Todaro*, 982 F.2d 1025 (6th Cir. 1993), also section 2255 cases. In *Todaro*, the defendant attempted to attack his guilty plea, claiming that his attorney had promised him that he would be sentenced to probation if he pled guilty. The defendant had testified at the plea

colloquy, however, that no other promises had been made to him, other than those stated in the plea agreement. 982 F.2d at 1026. Consequently, the Sixth Circuit was again faced with a situation in which a defendant's post-conviction allegations were directly contrary to his statements at the plea hearing. Relying on *Baker*, the court reiterated its earlier holding, under which a defendant is bound by his statements in response to the trial court's inquiry, where there has been a careful plea colloquy. In *Warner*, the Sixth Circuit likewise rejected claims of attorney promises in the face of defendant's flat denial of promises at the plea, holding that the petitioner's statements "estopped" him from relying on undisclosed promises. 975 F.2d at 1210. *See also Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir. 1999) (concluding that "a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy"). Petitioner expressly denied the existence of additional promises under oath at the plea hearing. He therefore is bound by his representations. *Id.*

In sum, the Court concludes that Petitioner's first habeas ground should be dismissed because it is both procedurally defaulted and without merit.

<u>Other Attorney Errors</u>

In his second ground for habeas relief, Petitioner argues the alleged failings of his trial attorney that he raised in his motion for relief from judgment. In that motion, Petitioner contended that he felt pressured to plead guilty because his attorney was not prepared for trial, did not have Petitioner's best interests at heart, had failed to conduct discovery, failed to communicate with Petitioner, and failed to inform Petitioner of his right to a preliminary examination.

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. As the United States Supreme Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (citing *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001)).

Petitioner's claims concerning counsel's lack of preparation for trial and failure to properly advise about the preliminary examination both obviously precede Petitioner's decision to plead guilty. The claims therefore are waived by his guilty plea. *Tollett*, 411 U.S. at 267.

Petitioner's claim about his attorney's failures of communication is barred, both because they are antecedent violations waived by the guilty plea and because Petitioner expressly disavowed any issue with communication at the plea hearing. Petitioner does not claim that trial counsel communicated with Petitioner insufficiently with respect to the plea agreement itself. Indeed, Petitioner was directly asked if his attorney had spoken with him and given him advice about the plea. Petitioner briefly indicated that his attorney had not spoken with him enough. But when the court asked if he wished more time with his attorney, he replied, under oath, "No, that's fine." (Plea Tr., ECF No. 1-1, PageID.43.) Petitioner went on to indicate that he fully understood the plea terms and understood the maximum penalties he faced and the 25-year minimum sentence required for the CSC I conviction. (*Id.*, PageID.43-44.) Petitioner expressly agreed that he understood all of the rights he was waiving, that he was pleading guilty of his own free will, and that he had received no threats or promises not contained in the plea agreement. (*Id.*, PageID.44.)

Petitioner therefore is bound by his sworn statements at the plea hearing. *Ramos,* 170 F.3d at 565; *Todaro*, 982 F.2d at 1026; *Warner*, 975 F.2d at 1210; *Baker*, 781 F.2d at 90. In addition, Petitioner's claims about counsel's antecedent communications were waived by his subsequent guilty plea. *See Stiger*, 20 F. App'x at 308-09; *see also Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008) (claims of ineffective assistance with respect to matters preceding the plea agreement are waived by a guilty plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea waives claims concerning pre-plea ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived).

For all these reasons, Petitioner is not entitled to habeas corpus relief on the alleged errors in counsel's performance, because they were waived by his valid guilty plea.

B.  Denial of Evidentiary Hearing

Petitioner argues in Ground III that the trial court erred in denying him an evidentiary hearing on the ineffective assistance of counsel.

Petitioner's argument is meritless.  As the Court ruled with respect to Ground II, Petitioner's claims of ineffective assistance of counsel were waived by the guilty plea.  Therefore, an evidentiary hearing would have resulted in no information that was relevant to Petitioner's claims of ineffective assistance of counsel.  Petitioner therefore is not entitled either to an evidentiary hearing or to habeas relief on his claim.  *See Baker*, 781 F.2d at 92 (holding that because defendant's later claim of a secret agreement was negated by the trial record, no evidentiary hearing was required).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the claims are procedurally defaulted and/or without merit.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate);

*Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 9, 2017                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge